PERKO, PLAINTIFF-APPELLEE, *v.* LOCAL No. 207 ET,
DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Mahoning County.

No. 4193.   Decided March 6, 1962.

*Messrs. McDonald, Hopkins, Hood & Hardy* and *Mr. Martin
S. Goldberg*, for plaintiff-appellee.
*Messrs. Green, Schiavoni & Murphy*, for defendants-appellants.

DONAHUE, J.   This case comes before this court for the
third time.

On the first occasion the Supreme Court in *Perko* v. *Union*,
168 Ohio St., 161, held that the petition stated a cause of action
under the common law.

On the second occasion the Supreme Court in *Perko* v.
*Union*, 171 Ohio St., 68, in a per curiam opinion, said that the
common pleas court in granting judgment for defendant after
a disagreement by the jury, had failed to explicitly find that
there was no evidence to support a judgment for plaintiff and,
therefore, could not enter judgment for defendant.

On this, the third occasion, we find a jury verdict for plaintiff.

The petition in this case alleges a conspiracy by the union and its members to keep plaintiff from working as a foreman or superintendent. When this cause arose, plaintiff had been a superintendent for The William B. Pollock Company in connection with blast furnace repair and construction. Difficulties between Ironworkers and Boilermakers were being ironed out, when plaintiff was accused, as an Ironworker, of aiding Boilermakers in learning Ironworker's work, in contravention to the Ironworkers' rules and constitution.

At a Union trial, he pled guiltly and was fined. Said fine was later suspended by the International.

Following this trial, the small group of ironworkers on the job plaintiff was supervising, refused to take orders. No work stoppage occurred, since the orders were given by by-passing plaintiff and giving orders directly to foremen. Plaintiff continued on the job in other respects, was paid to the end of the job's contract. He suffered no financial loss because of the Ironworkers' conduct. In fact he continued to draw pay for some weeks after this contract's completion.

Evidence shows that when a contractor had a job contract, such as Pollocks had above, they could hire Ironworkers directly, or could call the Union who would furnish the necessary men. However, the contractor and the contractor alone had the privilege of picking the superintendents and foremen. The foremen generally had to have Union Books but superintendents did not. Under the union contract with the contractors, the union had no control over the picking or employment of foremen or superintendents. Therefore there could be no such thing as "foremen's rights" as such.

From the evidence, it appears that at no subsequent time did plaintiff, who was about 68 at that time, ever secure a job as foreman or superintendent. He in each of several subsequent years, did work, as an ironworker, but his employment was always terminated before he earned $1,200.00 in any year. He was also on social security.

The evidence given by plaintiff indicates that he talked to a number of contractors, albeit somewhat vaguely, about his "foremen's rights." It would seem that he had a habit on these occasions of advising the contractor or superintendent that his "foreman's rights" had been suspended.

Only one representative of a contractor, Francis Walsh, of Pollocks indicated that he had ever contacted the Union with regard to these "foreman's rights." He testified that as the result of these contacts, he believed that he would run into troubles if he hired plaintiff.

This is the only testimony which supports plaintiff's claims in any respect.

Defendant is before us on twenty-three assignments of error. For their own convenience, counsel has argued them under five "arguments."

For our convenience we will consider the salient points raised.

Defendant maintains the acts alleged are protected under the National Labor Relations Act, Section 7. The question as to whether the petition in this case states a common law cause of action was disposed of, as we show above, in *Perko v. Union,* 168 Ohio St., 161. It is continually urged, however, that that phase of this case did not consider the question of the protection afforded by Section 7.

It is true that Section 7 protects the men and union when they organize for, among other things, "other mutual aid or protection." But we see nothing in these words which allow them to commit illegal or unlawful acts or act toward an illegal or unlawful goal or for unjustifiable conduct to attain a goal. This is what is required for a recovery in this action, and if it exists, then the Common Law action is not eliminated.

The second point raised is as to the sufficiency of the evidence to take the case to the jury. We agree that with all the testimony, there is very little that supports the cause sued on here. And yet we cannot say, as the trial court apparently could not say, that there was no evidence to support a judgment for plaintiff. Under the ruling in the second *Perko v. Union appeal,* 171 Ohio St., 68, to support a directed verdict, the trial court would have had to so find. We are bound by this case.

We find no other error or "argument" to be prejudicial to defendant.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, J., concur.